UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SWISS RE CORPORATE SOLUTIONS
AMERICA INSURANCE CORPORATION,
f/k/a NORTH AMERICAN SPECIALTY
INSURANCE COMPANY, a Missouri
corporation,

                Plaintiff,

     v.

SCI INFRASTRUCTURE, LLC, a Washington
limited liability company; SCOCCOLO
CONSTRUCTION, INC., a Washington
corporation; MOUNTAIN PACIFIC
CONTRACTORS, INC., a Washington
corporation; LAZY WHEELS, LLC, a
Washington limited liability company; PAC-3,
LLC, a Washington limited liability company;
AZTEC EQUIPMENT COMPANY, INC., a
Washington corporation; SEATAC3, LLC, a
Washington limited liability company; PRICOR
TECHNOLOGIES, LLC, a Washington limited
liability company; MARK SCOCCOLO and
JENNIFER SCOCCOLO, individually and as
their marital community; PATRICK
SCOCCOLO, an individual; and ARMONDO
SCOCCOLO and MAFALDA SCOCCOLO,
individually and as their marital community,

                Defendants.

NO. 2:26-cv-2712

COMPLAINT

**COMPLAINT – Page 1**

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

COMES NOW Plaintiff Swiss Re Corporate Solutions America Insurance Corporation, f/k/a North American Specialty Insurance Company ("Swiss Re"), and asserts the following causes of action against Defendants SCI Infrastructure, LLC ("SCI"), Scoccolo Construction, Inc., Mountain Pacific Contractors, Inc., Lazy Wheels, LLC, PAC-3, LLC, Aztec Equipment Company, Inc., SeaTac3, LLC, Pricor Technologies, LLC, Mark Scoccolo, Jennifer Scoccolo, Patrick Scoccolo, Armondo Scoccolo, and Mafalda Scoccolo (collectively, the "Defendants" or "Indemnitors").

## I.     PARTIES

1.     Plaintiff Swiss Re Corporate Solutions America Insurance Corporation, f/k/a North American Specialty Insurance Company ("Swiss Re"), is a Missouri corporation with its principal place of business in Kansas City, Missouri, and is qualified and authorized to transact business in the State of Washington, having paid all license fees and taxes due the State and otherwise being qualified to maintain this action. Swiss Re is a citizen of the State of Missouri for purposes of diversity jurisdiction.

2.     Upon information and belief, Defendant SCI Infrastructure, LLC ("SCI"), is a Washington limited liability company with its principal place of business at 2821 South 154th Street, SeaTac, Washington 98118. Upon information and belief, the members of SCI are Mark Scoccolo, a citizen of the State of Washington, Patrick Scoccolo, a citizen of the State of Arizona, Scoccolo Construction, Inc., a citizen of the State of Washington, and Mountain Pacific Contractors, Inc., a citizen of the State of Washington. Therefore, SCI is a citizen of the States of Washington and Arizona for purposes of diversity jurisdiction.

**COMPLAINT – Page 2**

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

3.      Upon information and belief, Defendant Scoccolo Construction, Inc., is a Washington corporation with its principal place of business at 2821 South 154th Street, SeaTac, Washington 98118, and is a citizen of the State of Washington for purposes of diversity jurisdiction.

4.      Upon information and belief, Defendant Mountain Pacific Contractors, Inc., is a Washington corporation with its principal place of business at 2821 South 154th Street, SeaTac, Washington 98118, and is a citizen of the State of Washington for purposes of diversity jurisdiction.

5.      Upon information and belief, Defendant Lazy Wheels, LLC, is a Washington limited liability company with its principal place of business at 2821 South 154th Street, SeaTac, Washington 98118. Upon information and belief, Mark Scoccolo and Jennifer Scoccolo are the members of Lazy Wheels, LLC, and are citizens of the State of Washington. Therefore, Lazy Wheels, LLC, is a citizen of the State of Washington for purposes of diversity jurisdiction.

6.      Upon information and belief, Defendant PAC-3, LLC, is a Washington limited liability company with its principal place of business at 2821 South 154th Street, SeaTac, Washington 98118. Upon information and belief, Mark Scoccolo, a citizen of the State of Washington, is the sole member of PAC-3, LLC. Therefore, PAC-3, LLC, is a citizen of the State of Washington for purposes of diversity jurisdiction.

7.      Upon information and belief, Defendant Aztec Equipment Company, Inc., is a Washington corporation with its principal place of business at 2825 South 154th Street, SeaTac, Washington 98118, and is a citizen of the State of Washington for purposes of diversity jurisdiction.

COMPLAINT – Page 3

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

8.      Upon information and belief, Defendant SeaTac3, LLC, is a Washington limited liability company with its principal place of business at 2821 South 154th Street, SeaTac, Washington 98118. Upon information and belief, the members of SeaTac3, LLC, are Mark Scoccolo, a citizen of the State of Washington, and Patrick Scoccolo, a citizen of the State of Arizona. Therefore, SeaTac3, LLC, is a citizen of the States of Washington and Arizona for purposes of diversity jurisdiction.

9.      Upon information and belief, Defendant Pricor Technologies, LLC, is a Washington limited liability company with its principal place of business at 2825 South 154th Street, SeaTac, Washington 98118. Upon information and belief, the members of Pricor Technologies, LLC are Mark Scoccolo, a citizen of the State of Washington, Patrick Scoccolo, a citizen of the State of Arizona, and Jason Pritchard, a citizen of the State of Washington. Therefore, Pricor Technologies, LLC, is a citizen of the States of Washington and Arizona for purposes of diversity jurisdiction.

10.     Upon information and belief, Defendant Mark Scoccolo is an individual believed to reside in Pierce County, Washington, with an address of 21703 50th St. E, Lake Tapps, Washington 98391. Mark Scoccolo is a citizen of the State of Washington for purposes of diversity jurisdiction.

11.     Upon information and belief, Defendant Jennifer Scoccolo is an individual believed to reside in Pierce County, Washington, with an address of 21703 50th St. E, Lake Tapps, Washington 98391. Jennifer Scoccolo is a citizen of the State of Washington for purposes of diversity jurisdiction. Upon information and belief, Mark Scoccolo and Jennifer Scoccolo are a married couple and form a marital community under the laws of the State of Washington.

**COMPLAINT – Page 4**

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

12.     Upon information and belief, Defendant Patrick Scoccolo is an individual believed to reside in Maricopa County, Arizona, with an address of 9165 E La Junta Rd, Scottsdale, Arizona 85255. Patrick Scoccolo is a citizen of the State of Arizona for purposes of diversity jurisdiction.

13.     Upon information and belief, Defendant Armondo Scoccolo is an individual believed to reside in King County, Washington, with an address of 6821 112th Ave SE, Newcastle, Washington 98056. Armondo Scoccolo is a citizen of the State of Washington for purposes of diversity jurisdiction.

14.     Upon information and belief, Defendant Mafalda Scoccolo is an individual believed to reside in King County, Washington, with an address of 6821 112th Ave SE, Newcastle, Washington 98056. Mafalda Scoccolo is a citizen of the State of Washington for purposes of diversity jurisdiction. Upon information and belief, Armondo Scoccolo and Mafalda Scoccolo are a married couple and form a marital community under the laws of the State of Washington.

15.     No Defendant is a citizen of the State of Missouri.

## II.     JURISDICTION AND VENUE

16.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

17.     The amount in controversy exceeds $75,000.00 in that Swiss Re's known and anticipated Loss, as defined in and arising under the Indemnity Agreement described below, exceeds $75,000.00, and continues to increase.

COMPLAINT – Page 5

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this judicial district, the Bonds at issue were issued in connection with public works construction projects performed in this judicial district, and Defendants reside in this judicial district for venue purposes.

### III.     FACTS

**A.     The Indemnity Agreement**

19.     Swiss Re is in the business of providing contract surety bonds, including payment and performance bonds, for public works construction contracts, pursuant to RCW 39.08 et seq.

20.     Effective as of July 24, 2013, SCI Infrastructure, LLC, Scoccolo Construction, Inc., Mountain Pacific Contractors, Inc., Lazy Wheels, LLC, PAC-3, LLC, and Aztec Equipment Company, Inc., together with individual indemnitors Mark Scoccolo, Jennifer Scoccolo, Patrick Scoccolo, Armondo Scoccolo, and Mafalda Scoccolo, executed a General Indemnity Agreement in favor of North American Specialty Insurance Company (Swiss Re's predecessor in interest) including its affiliates, successors, assigns, and co-sureties (the "Indemnity Agreement"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

21.     By Addenda effective April 1, 2020, and pursuant to Paragraph 19 of the Indemnity Agreement ("Additional Indemnitors"), SeaTac3, LLC, and Pricor Technologies, LLC, were added as additional Indemnitors under the Indemnity Agreement and agreed to be bound by all of the Indemnity Agreement's terms and obligations as if they had executed it as of its original effective date. True and correct copies of the Addenda are attached hereto as **Exhibit A** and incorporated herein by reference.

COMPLAINT – Page 6

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

22.    Paragraph 2 of the Indemnity Agreement ("Indemnity") provides, in pertinent part, as follows:

> The Indemnitors shall exonerate, hold harmless and indemnify the Surety from and against any and all Loss. For the purpose of this Agreement, Loss means any liability, loss, costs, damages, attorneys' fees, consultants' fees, and other expenses, including interest, which the Surety may sustain or incur by reason of, or in consequence of, the execution of the Bonds (or any renewals, continuations or extensions).

23.    Paragraph 3 of the Indemnity Agreement ("Collateral Security") provides, in pertinent part, as follows:

> Upon demand of the Surety, the Indemnitors shall immediately deposit with the Surety a sum of money as collateral security on the Bonds. The Surety's right to demand collateral security shall be triggered by any one of the following: (a) if it receives any notice of default, claim, or lawsuit asserting liability; (b) if it sets up a reserve to cover any investigation, demand, liability, claim asserted, suit or judgment under any of the Bonds; or (c) in the event there is a material change in the financial condition of any of the Indemnitors.

24.    Paragraph 14 of the Indemnity Agreement ("Access to Books, Records and Personal Credit") provides that "the Surety has the right to access the books, records, and accounts of the Indemnitors at any time upon the request of the Surety," and further provides that "the Surety may obtain a decree of specific performance in the event that the Indemnitors fail or refuse to provide access to the books, records, and accounts."

25.    Swiss Re issued the Bonds described below in reliance upon the Indemnity Agreement. SCI was seeking to perform public construction work in connection with publicly funded projects, and obtaining the Bonds issued by Swiss Re was a requirement for SCI to bid and perform such work. The Indemnity Agreement was an absolute precondition for Swiss Re's agreement to issue the Bonds on behalf of SCI, and Swiss Re would not have issued the Bonds without the protections of the Indemnity Agreement.

**COMPLAINT – Page 7**

## B.    The Bonds

26.    In consideration of and reliance upon the Indemnity Agreement, Swiss Re issued numerous payment and performance bonds (collectively, the "Bonds") on behalf of SCI, as principal, in connection with public works construction projects in the State of Washington, pursuant to RCW 39.08 et seq.

## C.    The Bond Claims

27.    Swiss Re is currently in receipt of one or more claims asserted against the Bonds by subcontractors and/or suppliers who allege they have not been paid for labor, materials, or equipment furnished in connection with the bonded work.

28.    Based on Swiss Re's investigation to date, Swiss Re's aggregate exposure arising from these claims, including anticipated liability, loss, costs, consulting fees, and attorneys' fees, is not less than $2,600,000.00, comprised of payment bond claims totaling approximately $2,500,000.00 and consulting fees, attorney fees, and related expenses of not less than $100,000.00.

29.    Swiss Re's exposure to Loss is likely to increase as additional payment bond claims are asserted by subcontractors and suppliers of SCI who furnished labor, materials, or equipment on the bonded projects but were not paid, and as Swiss Re incurs additional costs, consulting fees, and attorney fees investigating, evaluating, and resolving those claims.

## D.    The Indemnitors' Material Breaches

30.    To date, Swiss Re has made multiple demands upon the Indemnitors to indemnify and collateralize Swiss Re as required by the Indemnity Agreement.

COMPLAINT – Page 8

31.    Mostly recently and merely by way of example, during a phone call on June 23, 2026, Swiss Re demanded that Mark and Jennifer Scoccolo, on behalf of the Indemnitors, comply with their indemnity and collateral security obligations to Swiss Re.

32.    On July 1, 2026, Swiss Re provided written notice to Mark and Jennifer Scoccolo, on behalf of the Indemnitors, of their collateral security obligations to Swiss Re.

33.    On July 7, 2026, Swiss Re provided written notice to Mark and Jennifer Scoccolo, on behalf of the Indemnitors, of their collateral security obligations to Swiss Re.

34.    On July 7, 2026, Mark Scoccolo confirmed in writing that he would "put together a collateral proposal for" Swiss Re.

35.    On July 8, 2026, Swiss Re provided written notice to Mark and Jennifer Scoccolo, on behalf of the Indemnitors, of their collateral security obligations to Swiss Re.

36.    By correspondence dated July 15, 2026 (the "Demand"), Swiss Re, through counsel, demanded that the Indemnitors: (i) exonerate, hold harmless, and indemnify Swiss Re pursuant to Paragraph 2 of the Indemnity Agreement; (ii) deposit collateral security in the amount of $2,600,000.00 pursuant to Paragraph 3 of the Indemnity Agreement; and (iii) provide Swiss Re with unrestricted access to their books, records, and financial information pursuant to Paragraph 14 of the Indemnity Agreement, all no later than July 20, 2026. A true and correct copy of the Demand is attached hereto as **Exhibit B**.

37.    Despite Swiss Re's demands, and despite the passage of the July 20, 2026 deadline set forth in the Demand, the Indemnitors have failed and refused, and continue to fail and refuse, to indemnify Swiss Re, deposit collateral security, or provide Swiss Re with access to their books and records, in material breach of their obligations under the Indemnity Agreement.

**COMPLAINT – Page 9**

38.     Defendants are jointly and severally liable under the Indemnity Agreement. As a direct and proximate result of Defendants' breaches, Swiss Re has been damaged and deprived of the indemnification, collateral security, and access to books and records for which it bargained, has suffered and continues to be exposed to substantial Loss, including but not limited to court costs and attorney fees and expenses, and will continue to incur Loss as a result of Defendants' continuing material breaches.

## IV.     CAUSES OF ACTION AGAINST DEFENDANTS

### COUNT ONE
### (Breach of Contract – All Defendants)

39.     Swiss Re repeats and incorporates all prior allegations as if fully set forth herein.

40.     Pursuant to Paragraph 2 of the Indemnity Agreement, Defendants are contractually obligated, jointly and severally, to exonerate, hold harmless, and indemnify Swiss Re from any and all Loss.

41.     Pursuant to Paragraph 3 of the Indemnity Agreement, Defendants are contractually obligated, jointly and severally, to deposit collateral security with Swiss Re, in the amount and form Swiss Re deems necessary, upon demand.

42.     Pursuant to Paragraph 14 of the Indemnity Agreement, Defendants are contractually obligated to provide Swiss Re with unrestricted access to their books, records, and financial information.

43.     Swiss Re demanded that Defendants indemnify Swiss Re, deposit collateral security, and provide access to books and records, all as set forth above.

**COMPLAINT – Page 10**

44.    Despite multiple demands, Defendants have failed and refused to comply with their joint and several obligations under the Indemnity Agreement, and have therefore breached the Indemnity Agreement.

45.    As a direct and proximate result of Defendants' breaches of the Indemnity Agreement, Swiss Re has been damaged in an amount to be proven at trial, but in any event not less than $2,600,000.00, plus applicable attorney fees, costs, and interest, and Swiss Re will continue to suffer Loss as a result of Defendants' continuing breach.

## COUNT TWO
### (Specific Performance – Collateral Security – All Defendants)

46.    Swiss Re repeats and incorporates all prior allegations as if fully set forth herein.

47.    Pursuant to Paragraph 3 of the Indemnity Agreement, Swiss Re is entitled to have Defendants deposit collateral security in an amount and form sufficient to protect Swiss Re from Loss.

48.    Swiss Re has demanded that Defendants deposit collateral security as required by the Indemnity Agreement, and Defendants have failed and refused to do so.

49.    Defendants' failure to deposit collateral security upon demand causes irreparable harm to Swiss Re for which Swiss Re has no adequate remedy at law, because Swiss Re's ultimate exposure under the Bonds cannot presently be fixed with certainty and Swiss Re bargained for the specific protection of collateral security in advance of any final adjudication of Loss. Swiss Re is therefore entitled to specific performance of Defendants' collateral security obligation.

COMPLAINT – Page 11

FRIEDRICH & DISHAW, PLLC
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

50. Unless the assets of Defendants are collateralized in accordance with the Indemnity Agreement, Swiss Re will not be adequately protected from Loss, and Swiss Re is without a plain, speedy, or adequate remedy at law.

**COUNT THREE**
**(Specific Performance – Access to Books and Records – All Defendants)**

51. Swiss Re repeats and incorporates all prior allegations as if fully set forth herein.

52. Pursuant to Paragraph 14 of the Indemnity Agreement, Swiss Re is entitled to unrestricted access to Defendants' books, records, and accounts, and the Indemnity Agreement expressly provides that Swiss Re may obtain a decree of specific performance in the event Defendants fail or refuse to provide such access.

53. Swiss Re has demanded that Defendants provide access to their books and records, and Defendants have failed to comply with that demand.

54. Unless Swiss Re is granted access to inspect and copy Defendants' books and records, Swiss Re will not be adequately protected from Loss, and Swiss Re is without a plain, speedy, or adequate remedy at law.

**COUNT FOUR**
**(Injunctive and Prejudgment Remedies – All Defendants)**

55. Swiss Re repeats and incorporates all prior allegations as if fully set forth herein.

56. By virtue of the Indemnity Agreement, Swiss Re is entitled to have Defendants post collateral security with Swiss Re and to enjoin Defendants from dissipating, transferring, or encumbering assets that may be needed to satisfy Defendants' obligations under the Indemnity Agreement.

**COMPLAINT – Page 12**

57.     Swiss Re is entitled to injunctive and/or prejudgment relief, including, without limitation, writs of attachment and garnishment against such assets of Defendants as are necessary to satisfy Defendants' obligations under the Indemnity Agreement.

58.     Unless the injunctive and/or prejudgment relief requested herein is granted, Swiss Re will not be adequately secured for its obligations under the Bonds because Defendants are likely to sell, transfer, dispose of, lien, encumber, or otherwise divert their assets, which would wrongfully prevent Swiss Re from using those assets to satisfy Defendants' contractual obligation to reimburse and collateralize Swiss Re.

59.     Swiss Re is without a plain, speedy, or adequate remedy at law, and will be irreparably and permanently injured unless this Court grants the injunctive and prejudgment remedies requested herein.

## V.     PRAYER FOR RELIEF

WHEREFORE, Swiss Re prays for the following relief against Defendants, jointly and severally:

1.     For judgment in favor of Swiss Re and against Defendants in an amount to be proven at trial, but in any event not less than $2,600,000.00, plus attorney fees, costs, and prejudgment interest at the maximum rate permitted by law;

2.     For judgment against Defendants and in favor of Swiss Re for any and all Loss incurred by Swiss Re, together with all attorney fees and costs incurred in enforcing the Indemnity Agreement;

3.     For an Order, Judgment, and Decree requiring Defendants to deposit collateral security with Swiss Re in accordance with the Indemnity Agreement, in an amount not less than $2,600,000.00, or such greater amount as Swiss Re's exposure is shown to be at trial;

**COMPLAINT – Page 13**

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

4.    For an injunction permanently enjoining and restraining Defendants from selling, transferring, disposing of, or encumbering their assets and property, and from allowing their assets and property to be encumbered, unless and until Defendants post collateral security as required by the Indemnity Agreement;

5.    For a lien in favor of Swiss Re upon all assets and property, whether real, personal, or mixed, owned by Defendants, to secure Swiss Re against any Loss that it may sustain or incur by virtue of having issued the Bonds and/or as a result of Defendants' failure to comply with the Indemnity Agreement;

6.    For an Order directing Defendants to specifically perform their obligations under the Indemnity Agreement, including by depositing collateral security and providing Swiss Re with access to their books and records;

7.    For an Order directing the issuance of prejudgment writs of attachment and garnishment against such assets of Defendants as are necessary to satisfy Swiss Re's causes of action herein;

8.    For leave of Court to amend this Complaint according to proof; and

9.    For such other and further relief as the Court may deem just and equitable.

///

///

///

///

///

///

///

**COMPLAINT – Page 14**

**FRIEDRICH & DISHAW, PLLC**
92 Lenora Street, Suite 119
Seattle, Washington 98121
Tel: 206-360-7655

Dated July 31, 2026.

FRIEDRICH & DISHAW, PLLC


 /s/ Paul K. Friedrich
Paul K. Friedrich WSBA #43080
Friedrich & Dishaw, PLLC
92 Lenora St., Suite 119
Seattle, Washington 98121
Tel: 206-360-7655
Paulf@fdlawpllc.com
Attorney for Plaintiff
Swiss Re Corporate Solutions America Insurance
Corporation, f/k/a North American Specialty
Insurance Company

**COMPLAINT – Page 15**